458

Common Pleas Court of Summit County.

ROBERT GUINTHER, ADMR., V. LUCILLE MARTIN ET AL.

Decided April 17, 1931.

*Slabaugh, Seiberling, Huber & Guinther,* for plaintiff.
*Strother, Greenberg & Schubert,* for defendants.

HUNSICKER, J.

In this case the administrator has filed his action under the statute, asking the direction of the court with respect to an estate to be administered by him.

The facts are as follows: Edgar S. Martin died on or about the 15th day of July, 1929, intestate as to his real estate, but testate as to his personal property, all said personal property being bequeathed to his widow Margaret Martin. The real estate consists of a dwelling house and two lots in the city of Cuyahoga Falls. The widow, Margaret Martin, died on or about June 15, 1930, and the plaintiff in this action was appointed administrator of her estate. The real estate left by said Edgar S. Martin was appraised at $5,800. Margaret Martin was thirty-six years of age at the time of the decease of Edgar S. Martin. The defendants Lucille Martin and Edgar Martin are children of Edgar S. Martin but not the children of Margaret Martin, said Margaret Martin

being a second wife of Edgar S. Martin, deceased. These said children are the only heirs at law of Edgar S. Martin, deceased, and as such, are entitled to the real estate owned by him, subject, however, to all of the claims and debts attaching thereto.

The question that arises in this case is as to the interest of Margaret Martin, the claim being made that she was vested with an interest in the real estate of the said Edgar S. Martin; that that interest was by way of dower only, and that the vested interest by way of dower became a part of the assets of the estate of Margaret Martin, deceased. In this case, according to the American Experience Table, the dower interest of said Margaret Martin amounted to the sum of Fifteen Hundred and Ninety and seventy-four hundredth dollars.

The court finds that the demurrer in this case is not well taken in that this is a petition wherein the plaintiff seeks instruction from the court as to his duties as administrator, and that the petition is not subject to demurrer, but, by agreement of counsel the same was submitted to the court for its determination as to the duties of said administrator. The court will overrule said demurrer and proceed with the determination of the questions before us.

The law of the state of Ohio, as to the interest of husband and wife in the property of the other, is found in Sections 7998, 8606 and 8607 of the General Code of Ohio which are as follows:

Section 7998: Interest in the property of the other. Neither husband nor wife has any interest in the property of the other, except as mentioned in the next preceding section, the right to dower and to remain in the mansion house after the death of either, as provided by law; and neither can be excluded from the other's dwelling, except upon a decree or order of injunction made by a court of competent jurisdiction. (108 vs Pt. 1, 606; R. S., 3111.)

Section 8606: Of what estate a widow or widower is endowed. A widow or widower who has not relinquished or been barred of it, shall be endowed of an estate for

life in one-third, of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage, in one-third of all the real property of which the deceased consort, at decease, held the fee simple in reversion or remainder, and in one-third of all the title or interest that the deceased consort had, at decease, in any real property held by article, bond, or other evidence of claim. (R. S., 4188.)

Section 8607: Mansion house, etc. The widow or widower may remain in the mansion house of the deceased consort, free of charge, for one year, if dower is not sooner assigned. Dower shall not be assigned to a widow or widower in real property of which the deceased consort, at decease, held the fee simple in reversion or remainder, until the determination of the prior estate. (R. S. 4188.)

In this case there can be no claim of interest whatsoever, except dower, made on behalf of the estate of the widow, Margaret Martin, deceased, against the property owned in fee simple by the deceased husband, Edgar S. Martin. Margaret Martin, during her lifetime, had a right to claim dower. She did not make application to have dower assigned to her during her lifetime. We do not have any question of the inchoate right of dower. The dower right in this case is consummate and not assigned. General Code of Ohio, 8606, explicitly says that "A widow or widower who has not relinquished or been barred of it, shall be endowed of an estate for life." If the dower estate of Margaret Martin became vested upon the death of Edgar Martin, was that estate of such nature as to give Margaret Martin's heirs an interest which should be transferred to them? The law has been particularly favorable to the widow, in the construction of dower statutes. It has been an old maxim of the law that dower, life and liberty are especially favored in the law.

"Dower consummate before assignment is a valuable interest. It is an interest in or concerning land within the meaning of the Statute of Frauds. *Finch* v. *Finch,* 1 Ohio St., 501."

And that it is an insurable interest has been held by the Supreme Court in the case of *Ohio Farmers Insurance Company* v. *Brittain,* 31 Ohio St., 488.

Originally, in Ohio, the dower estate was not subject to the debts of the widow, could not be reached on levy or by attachment. It could not be transferred before assignment, even for a valuable consideration, to anyone except the person having the next estate of inheritance. "In Ohio dower consummate before assignment cannot be transferred to a stranger to the title, separate from a conveyance of the fee, the reason being that a right of dower consummate before assignment is a mere chose in action. *Douglas* v. *McCoy,* 5 Ohio, 522."

"Dower consummate before assignment is not subject to the lien of judgments against the person entitled thereto. It is not subject to levy and execution. *Good* v. *Christ,* 23 Ohio App., 484."

"Taxes do not attach against the widow's dower until the dower is assigned to her. *Allen* v. *Miller,* 27 N. P. (N. S.), 49."

"The dower estate can only be conveyed to those holding the next estate of inheritance until it has been assigned to her (the widow). *Dukes* v. *Dukes,* 20 Circuit Decisions, 676."

There arose, however, in the case of *Stoltz* v. *Boltz,* 41 Ohio St., 540, the question of subjecting a widow's dower interest to the payment of a judgment where the widow refused to ask to have the dower set off to her. The court there held, in effect, that the widow's dower interest was not a purely personal right, but that it is a vested property interest, transferrable in equity to others before the dower has been assigned and set off by metes and bounds. The conveyance of an unassigned dower interest, for a valuable consideration, has been sustained in equity in the case of *Bausch* v. *McCunnell et al.,* 5 O. Dec. N. P., 162, and in *Fletcher* v. *Huntington,* 8 O. N. P. which was an action to subject the unassigned dower to debts of the dowager, it was held: "It would seem, from numerous authorities and from principle, that the more reasonable rule would be to consider unassigned dower not a purely personal right, but that it is a vested prop-

erty interest, transferrable in equity to a stranger to the title, before the same is set off by metes and bounds."

In the case of *Arnold* v. *Donaldson,* 46 Ohio St., 73, at page 78, the courts say: "The right of the doweress is as plain and obvious as the right of their heir at law. It is a legal estate and not a secret equity and, until assigned, and set off, is a recognized encumbrance upon the land of the deceased husband."

We do not have, in the case before us, the question of an attempt to assign the interest. The only thing we have before us is the fact that no attempt was made to acquire this interest, whatever it may have been, prior to the death of the doweress.

We must not lose sight of the fact that although the nature of the right, where the doweress was still alive, has changed somewhat, in every one of the cases where the right had been subject to an interest of a stranger to the fee, some definite act toward forcing an assignment of the dower interest has been taken.

We find, in *Wayer* v. *Sager,* 21 Ohio Cir. Ct., 710, that: "Dower before assignment is a chose in action and consummate dower interest before admeasurement may be aliened to a stranger to the title."

Section 12004 and following, of the General Code of Ohio, in detail, prescribe how dower may be assigned, but they are strangely silent in such a situation as exists here.

The case of *Miller, Admr.,* v. *Woodman,* 14 Ohio, 519, was an action preceding the enactment of the statute which permitted a revivor in the name of the administrator of the deceased doweress, who had sought to have her dower assigned to her. In this case an action had been started to assign dower. The widow died before the case had been completed, although, after an assignment had been made, but not before the exceptions to the assignment had been heard. The question was, can such an action be revived in the name of the deceased doweress' administrator. The court held:

"The estate is an estate for life. It commences with the death of the husband and ceases with the death of

the wife. It is not in the power of the widow to transfer any interest in it until it has been actually assigned. When the dower is assigned, when it is aparted and set off to her by metes and bounds, then she may sell and convey, not before. The right, the chose in action, if I may so speak, is not assignable."

"In all these proceedings, the widow is the actor, everything is done in her name, she cannot delegate this right to another; if she ceased to carry on the suit, it is discontinued. Taking all these circumstances into consideration, it seems to the court that if any legal proceedings are abated by the death of a party, such abatement must take place in the case of the death of a widow, who is prosecuting a suit for dower. In such case there can be no revivor."

In the above case, and in the case of the *Estate of William Roth*, 6 Ohio N. P., 498, are the only instances where I have been able to find a clear indication of what the law has been with reference to the right of an administrator or of heirs at law to claim an interest in the deceased doweress' estate, prior to assignment of dower.

The case of the estate of William Roth, deceased, holds in effect that the bringing of a suit by an administrator to have dower assigned to the deceased doweress, is not provided for by statutes or sustained by the principles of the common law.

In this case, Judge Rockel, of the Probate Court of Clark county, did not have before him the direct question of the right of a deceased doweress to claim her dower estate, and that question was decided only as a passing reflection on the matter then before the court.

This court is of the opinion that, prior to the assignment of dower, the widow has no vested freehold estate, unless, as in such jurisdictions, the common law has been so changed by a statute, in which case the dower interest becomes a vested estate immediately upon the death of the husband, without being first assigned or set out. In the absence of such statutes, the widow is not seized of any part of her deceased husband's lands and her right is, for most purposes, nothing more than a mere right of action which she may release, which she way waive,

or which she may be barred of by reason of some act of hers.

The statutes above cited require that the widow take some positive action to subject this right of hers to her use and that right has been clearly set out by statute.

She is entitled to have that right fulfilled immediately upon the death of her husband. She is not vested with an absolute title to any specific part of her husband's estate, nor can she enter upon or occupy any part of it, much less can she demand a portion of it in money, until such time as the statute has been complied with.

We must not lose sight of the fact that this provision of the law which makes for the widow, out of the lands or tenements of her husband, for her support and the nurture of her children, is a life estate. It begins with his death. It ends with her death. In this case, Margaret Martin, not having sought to avail herself of her right under the law to subject her interest to her use and, in the event the estate is entire and no division could be made of it by metes and bounds, to demand a third part of the rents, issues and profits thereof, or, in the event the persons owning the fee elect to pay the value of her dower interest in money, such election, not having been made, the administrator of Margaret Martin would have no interest in the estate of Edgar S. Martin.